[No. 31556. Department One. August 16, 1951.]

MARK P. DAVIS, *Respondent*, v. NORTH AMERICAN ACCIDENT INSURANCE COMPANY, *Appellant*.[1]

*Hyland, Elvidge & Alvord, Monroe Watt,* and *John Veblen,* for appellant.

*Hanley & Moschetto,* for respondent.

FINLEY, J.—Mark P. Davis purchased a so-called "accident" and "health" insurance policy. He suffered a broken leg, which, allegedly, was the result of an accidental fall on the snowy sidewalk outside of his home. At the time of the alleged accident, he was suffering from Gaucher's disease, an affliction which reduces the strength of the bony structure of the body. The insurance policy provided for benefits in the event of "bodily injury which is effected directly and independently of all other causes, solely through accidental means," but did not cover "any loss caused or contributed to, directly or indirectly, wholly or partly, by

[1]Reported in 234 P. (2d) 871.

bodily or mental infirmity, bacterial infections, or any other kind of disease."

The insurer denied liability on the ground that it was obligated to indemnify for loss occasioned by accident but not for loss occasioned or contributed to by disease. Payment of policy benefits claimed by the insured was refused by the company. Mr. Davis sued. A jury found in his favor. The insurance company has appealed.

Appellant lists numerous assignments of error. We think it necessary to consider only that one involving the trial court's instruction No. 2, which read as follows:

"You are instructed that the fall caused plaintiff's femur bone to break, and you are further instructed, as a matter of law, that defendant is liable to the plaintiff under this policy, and you are instructed to bring in a verdict in favor of the plaintiff."

Our basis for disposition of this appeal is discussed briefly as follows:

■ Normally, it is most difficult to determine precisely or even to estimate the contribution of pre-existing disease to an injury, where the latter appears *prima facie* to have been the result of an accident. The question then presented is a purely factual one. Where there is conflicting evidence, the problem should be resolved by the trier of the facts. *Graham v. Police & Firemen's Ins. Ass'n,* 10 Wn. (2d) 288, 116 P. (2d) 352; *Towey v. New York Life Ins. Co.,* 27 Wn. (2d) 829, 180 P. (2d) 815. See, also, *Bennett v. Metropolitan Life Ins. Co.,* 35 Wn. (2d) 284, 212 P. (2d) 790.

■ In the case at bar, there was a decided dispute as to whether the fall itself caused the injury and the damages, or whether Gaucher's disease should properly be considered a contributing factor. It is true that Dr. Buckner, testifying for respondent, stated that in his opinion a fall such as was sustained by Mr. Davis could have broken his leg whether or not he had been afflicted with Gaucher's disease. But Dr. Duncan, testifying for appellant, stated, "It is unusual for a man of this age to slip and fall and break a leg at that particular point"; and testified further, when asked if Gaucher's disease contributed to the injury:

"A. Well, the fact that the fracture occurred through the cyst would lead me to believe that the reason that the fracture occurred at that area was because the bone had been weakened by the tumor formation. Very often these fractures occur without a fall. They occur with the patient turning over suddenly in bed, and his foot caught. Very often they can occur from just some sudden physical effort, such as stepping up on to a step with the full weight on the one leg and the other leg underneath. In the area of bone weakened by the tumor, a fracture can occur from as little injury as that. I thoroughly believe that the presence of the disease contributed to the fracture, that it weakened the bone and thereby contributed to the ease with which the bone would break through that area. Q. The break here did occur at the thinnest part of the bone, at the part of the bone that had been the most diseased? A. It occurred through the center of the cyst, the major cyst in the femur. There were several cysts, but there was one large one at the junction of the middle and upper thirds. The fracture occurred through the middle of it. I believe that the presence of the cyst certainly contributed to the fracture."

With testimony of this nature in the record, we are of the opinion that it was error for the court to hold as a matter of law that appellant was liable under the policy. The jury could have found from the evidence that the fall was sufficient to cause the injury irrespective of the presence of Gaucher's disease, and that therefore this disease was a mere condition of the accident. On the other hand, it could also have found that the contrary was true, and that the fall was no more than the occasion on which a more or less inevitable breaking of the bone, weakened as it was by disease, took place. In the latter event, the company would not be liable under the policy.

The judgment is reversed, and the cause remanded for a new trial.

SCHWELLENBACH, C. J., BEALS, HILL, and DONWORTH, JJ., concur.